IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| AZIENDA AGRICOLA FATTORIA LE PUPILLE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:12-cv-668-TRJ |
| NICKOLAS IMPORTS, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

This action was tried without a jury on February 20, 2013. The court now makes the following findings of fact and conclusions of law.

Findings of Fact

1. Plaintiff Azienda Agricola Fattoria le Pupille is a privately held winery with its principal place of business in Italy.

2. Defendant Nickolas Imports, LLC is a Virginia limited liability company with its principal place of business in Virginia. It is licensed by the Alcohol and Tobacco Tax and Trade Bureau and the Virginia Alcoholic Control Board as a wine importer and wholesaler.

3. On or about September 16, 2010, defendant ordered 495 cases (5448 bottles) of various wines from plaintiff.

4. On or about September 29, 2010, plaintiff shipped this wine to defendant via container ship to the Port of Baltimore. Plaintiff invoiced defendant for this wine at the agreed upon price and terms listed on plaintiff's Invoice #1626.

5. Invoice #1626 memorializes a contract for the international sale of goods between plaintiff and defendant.

6. Defendant received and took possession of the wine listed on Invoice #1626 at the Port of Baltimore and transferred the wine to its Virginia warehouse.

7. Plaintiff completed the performance of its obligations as seller of the wines listed on Invoice #1626 as of September 29, 2010.

8. On or about February 8, 2011, defendant ordered 42 cases (192 bottles) of wine from plaintiff.

9. On or about March 2, 2011, plaintiff shipped this wine to defendant via container ship to the Port of Baltimore. Plaintiff invoiced defendant for this wine at the agreed upon price and terms listed on plaintiff's Invoice #339.

10. Invoice #339 memorializes a contract for the international sale of goods between plaintiff and defendant.

11. Defendant received and took possession of the wine listed on Invoice #339 at the Port of Baltimore and transferred the wine to its Virginia warehouse.

12. Plaintiff completed the performance of its obligations as seller of the wines listed on Invoice #339 as of March 2, 2011.

13. Both Invoice #1626 and Invoice #339 state that payment is due within 120 days of the date of the invoice.

14. Defendant sold some of the wine listed on Invoices #1626 and #339 to other persons at prices greater than those invoiced to defendant by plaintiff, and defendant received payment from those persons for at least some of the wine sold.

15. Defendant still possesses the wine it has not sold.

16. Defendant has refused repeated requests from plaintiff for payment of the amounts owed to plaintiff for the wines purchased from it by defendant, and has not paid any portion of the amounts listed on Invoices #1626 or #339.

17. There is no credible evidence that the terms of the contracts between the parties are anything other than those provided in Invoices #1626 and #339.

Conclusions of Law

1. The transactions represented by Invoices #1626 and #339 are governed by the provisions of the United Nations Convention on Contracts for the International Sale of Goods ("CISG" or "Convention") Jan. 1, 1988, 15 U.S.C.A. App., to which the United States and Italy are both signatories.

2. By virtue of the Supremacy Clause of the U.S. Constitution, Article VI, § 2, the treaty provisions of CISG displace any federal or state law or regulation inconsistent with the Convention's provisions.

3. Article 59 of CISG states that a "[t]he buyer must pay the price on the date fixed by or determinable from the contract and this Convention without the need for any request or compliance with any formality on the part of the seller."

4. Plaintiff did not agree to any modification of the terms of payment listed on either Invoice #1626 or Invoice #339.

5. No agent of plaintiff agreed to any modification of the terms of payment listed on either Invoice #1626 or Invoice #339 that is binding on plaintiff.

6. Defendant committed "fundamental" breaches of contract within the meaning of Article 25 of CISG by failing to remit to plaintiff the amounts owed under Invoices #1626 and #339 within the 120 day period specified on the invoices, and thereby substantially deprived plaintiff of what it was entitled to expect under the contracts.

7. As a result of defendant's breaches, pursuant to CISG Article 74, plaintiff is entitled to the amounts specified on Invoices #1626 and #339.

8. Plaintiff is entitled to receive interest pursuant to CISG Article 78.

                /s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

March 7, 2013
Alexandria, Virginia