IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Azienda Agricola Fattoria Le Pupille )<br>)<br>Plaintiff, )<br>v. )<br>)<br>Nickolas Imports, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:12-cv-668-TRJ |

ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

On March 7, 2013 this court issued Findings of Fact and Conclusions of Law (no. 25), holding that defendant Nickolas Imports, LLC ("Nickolas") had committed fundamental breaches of contract within the meaning of Article 25 of the United Nations Convention on Contracts for the International Sale of Goods ("CISG") Jan 1, 1988, 15 U.S.C.A. App., by failing to remit to plaintiff Azienda Agricola Fattoria Le Pupille ("Fattoria le Pupille") the amounts owed under Invoices #1626 and #339 within the time period specified on the invoices, and that as a consequence of such breaches, Fattoria le Pupille is entitled to the amounts owed to it under the invoices, plus prejudgment interest.

The court has under advisement the issues of plaintiff's entitlement to attorneys' fees and costs, and the appropriate period and rate of prejudgment interest to apply to plaintiff's damages. In a separate order (no. 26), the court directed the parties to submit supplemental briefing on these two remaining issues. The parties submitted these to the court (nos. 27-30), as well as a stipulation as to the appropriate exchange rate between the EURO and U.S. Dollar on the respective dates of breach for each contract (no. 31). The court accepts the stipulated EURO

to U.S. Dollar exchange rates, which are €1.00 EURO = $1.3692 USD for Invoice #1626, and €1.00 EURO = $1.4539 USD for invoice #339.  With regard to the attorneys' fees and prejudgment interest issues, the court makes the following findings and conclusions.

**Attorneys' Fees**

The court has found minimal case law regarding entitlement to attorneys' fees under CISG.  While many other jurisdictions worldwide may require that the loser in litigation pay the winner's expenses, as plaintiff argues, yet in a federal question case such as this the court must determine which jurisdiction's rules apply.  *San Lucio, S.r.l. v. Imp. & Storage Servs.*, LLC, 2009 WL 1010981 at *3-4 (D.N.J. Apr. 15, 2009).  In making this determination, the court should consider "the relevant policies of the forum, the justified expectations of the parties, and ease [in] determination of applicable law."  *Id*.  In this instance, the U.S. policy behind the "American rule" (each party pays its own expenses) is to ensure parties are not discouraged from litigation, and this rationale remains strong here.  Plaintiff also entered into a contract with a U.S. entity with full knowledge that, in doing so, it ran the risk of having to sue to enforce its rights in the United States.  Finally, ease in determination and application of law in a U.S. court favors application of the American rule.  For these reasons, the court adopts the reasoning of the court in *San Lucio, S.r.l.*, above.  In summary, the court finds that each party is responsible for its own legal fees and expenses.[1]

---

[1] This result is further supported by the court's finding in *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 389 (7th Cir. 2002), that CISG does not speak to the question of attorneys' fees, so that the question is clearly left to domestic law.

**Prejudgment Interest**

The court has found that CISG Article 78 provides for payment of prejudgment interest. In this federal question action, Fourth Circuit precedent also allows the court to exercise its discretion to award such interest and to determine an appropriate rate. *United States v. Dollar Rent A Car Systems, Inc.*, 712 F.2d 938, 940-941 (4th Cir. 1983). Here, the court finds it appropriate, based both on CISG and circuit precedent, to award prejudgment interest and to do so at a rate that will adequately compensate plaintiff for the value over time of the invoices not paid, which is the real cost of the damages sustained.

The court finds that the rate at which plaintiff could have invested the funds in securities of the Italian government is an appropriate measure of that value. The first invoice (#1626) was for €29,256.00. Pltf's Ex. 1. As of January 28, 2011, the due date of the first invoice, the market yield on Italian government securities with a ten year maturity was 4.78%. *See* http://online.wsj.com/mdc/public/page/2_3022-govtbonds-20110701.html?mod=mdc_pastcalendar (last visited May 15, 2013). The second invoice (#339) was for €7,152.00. Pltf's Ex. 2. As of July 2, 2011, the due date of the second invoice, the market yield on Italian government securities with a ten year maturity was 4.74%. *Id*. The court accordingly sets the prejudgment interest rate in this matter at 4.75%, payable on each invoice from its due date to the date of judgment.

**Conclusion**

Plaintiff is therefore entitled to payment of $40,057.32 (€29,256.00 X 1.3692) for invoice #1626, plus interest thereon at 4.75% from January 28, 2011 to the date of judgment; plus $10,398.29 (€7,152.00 X 1.4539) for invoice #339, plus interest thereon at 4.75% from July

2, 2011 to the date of judgment.

The Clerk will enter judgment accordingly.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

May 15, 2013
Alexandria, Virginia